UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DONNA M. CHISOLM-MITCHELL,

                Plaintiff,

    - against -

DR. NAJMA AHMED, Advantage Care
Physician; and DET. RAYMOND ABEAR,
NYPD 112th Precinct,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3434 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Donna M. Chisolm-Mitchell initially brought this action in the Southern District of New York on July 13, 2020. (*See generally* Complaint, Dkt. 2.) After the case was transferred to this district and Plaintiff fixed certain issues with the signing of the Complaint and with her application for *in forma pauperis* ("IFP") status, the Court reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted Plaintiff[1] leave to amend. *See Chisolm-Mitchell v. Ahmed*, No. 20-CV-3434 (PKC) (LB), 2020 WL 6799640 (E.D.N.Y. Nov. 19, 2020). Plaintiff filed a Second Amended Complaint on January 14, 2021. (Second Amended Complaint ("SAC"), Dkt. 8.) For the reasons contained herein, the Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for conspiracy and First Amendment retaliation, but allows a § 1983 claim for malicious prosecution against Defendant Abear to proceed in addition to the Equal Protection and false arrest claims against him as stated in the Court's November 19, 2020 Memorandum and Order.

---

[1] While Plaintiff's son, David Chisholm-Mitchell, was also initially listed as a plaintiff in the case, the Court dismissed David Chisholm-Mitchell in its November 19, 2020 Order. *Chisolm-Mitchell*, 2020 WL 6799640, at *6. The Clerk of the Court is respectfully directed to amend the caption in this case to remove David Chisholm-Mitchell as a plaintiff.

1

**BACKGROUND**

Plaintiff Chisolm-Mitchell initiated this action alleging that, when she and her son went to the 112th Police Precinct in Queens on or about June 6, 2018, to report that her son had been the victim of sexual abuse, Detective Raymond Abear called her racist slurs, had her handcuffed, and threatened to have her taken to the hospital and reported to the Administration for Children's Services ("ACS"). (Amended Complaint[2] ("Am. Compl."), Dkt. 6, at ECF[3] 9.) Plaintiff also alleges that she reported Defendant Abear to the New York City Civilian Complaint Review Board ("CCRB"), but that in response to her report and without her knowledge, someone changed her medical records to reflect that she was a psychological risk, and that Defendant Najma Ahmed, a physician at Advantage Care Physicians, had been "told by the [New York City Police Department ("NYPD")] to help [Defendant Abear] get exonerated." (*Id.* at ECF 10.)

On November 19, 2020, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court reviewed Plaintiff's Amended Complaint. The Court dismissed David Chisolm-Mitchell, Plaintiff's son, as a plaintiff for lack of standing, but found that Plaintiff had pleaded sufficient facts for her equal protection and false arrest claims under 42 U.S.C. § 1983 to proceed against Detective Abear. *Chisolm-Mitchell*, 2020 WL 6799640, at *6. The Court also granted Plaintiff leave to amend her complaint to allege, "if applicable, additional facts regarding her CCRB complaint, specific alterations to her medical records, specific communications from Defendant Ahmed with regard to what happened to the records, and specifics with regard to the effects the alterations had on the

---

[2] Because Plaintiff's initial Complaint was submitted on behalf of both her and her son, but bore only her signature (*see* Complaint, Dkt. 2), the Court ordered her to submit another complaint with both signatures (*see* Aug. 3, 2020 Order), and therefore reviewed the Amended Complaint for substance pursuant to 28 U.S.C. § 1915(e)(2)(B) rather than the original Complaint.

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

evaluation of the CCRB complaint and on Plaintiff[]'s life." *Id*. The Court noted that, without such additional facts, Plaintiff's claims against Defendant Ahmed would be dismissed. *Id*. Plaintiff submitted her Second Amended Complaint ("SAC") on January 14, 2021.[4] The SAC contains substantially the same allegations as Plaintiff's Amended Complaint, although it illuminates a few factual issues that were not clear from the text of the Amended Complaint, both through the text of the SAC and through the documents Plaintiff has submitted as attachments. Specifically, the documents attached to the SAC clarify that Plaintiff submitted a complaint about Defendant Abear to the Internal Affairs Bureau, which declined to investigate, but forwarded her complaint to the CCRB. (SAC, Dkt. 8, at ECF 16.) Plaintiff alleges that, after she submitted her complaint, her medical records with Defendant Ahmed were altered to show that she was screened for mental health and behavioral issues on January 29, 2016. (*Id.* at ECF 9; *see id.* at ECF 13.) The notation regarding the mental health screening in turn provided the basis for Detective Abear to be "acquitted" by the CCRB, and adversely impacted Plaintiff's professional, educational, and life insurance applications by putting her in a different financial tier. (*Id.* at ECF 9.) While Plaintiff does not specify who altered her medical records, she states that she "was told by many of [her] doctor friends that the police department may have paid the doctor to alter [her] records" and that such paid alterations are "a common act by [the] NYPD." (*Id.*)

The documents Plaintiff submits also demonstrate that Plaintiff received a letter stating that she was the subject of a report of suspected child abuse made on June 6, 2018, and that the report was later determined to be unfounded. (*Id.* at ECF 25–26, 38.)

---

[4] For purposes of this Memorandum and Order, the Court assumes the truth of the non-conclusory factual allegations contained within Plaintiff's Second Amended Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**LEGAL STANDARD**

A complaint must plead sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "If [a] liberal reading of the complaint 'gives any indication that a valid claim might be stated,' the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, pursuant to the IFP statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

**I.      Plaintiff's Conspiracy and First Amendment Retaliation Claims**

The Court permitted Plaintiff to amend her Amended Complaint to allege, "if applicable, additional facts regarding her CCRB complaint, specific alterations to her medical records, specific communications from Defendant Ahmed with regard to what happened to the records, and specifics with regard to the effects the alterations had on the evaluation of the CCRB complaint and on Plaintiff[]'s life." *Chisolm-Mitchell*, 2020 WL 6799640, at *6. In doing so, the Court gave Plaintiff leave to replead her claims for First Amendment retaliation and conspiracy under Section 1983. *Id.* at *4–6. While Plaintiff has indeed supplemented her complaint to include allegations regarding the specific alterations to her medical records and the effect those alterations had on the

4

success of her CCRB complaint and on Plaintiff's life (*see* SAC, Dkt. 8, at ECF 9–10, 13, 16–17), she has failed to allege that either Defendant Abear or Defendant Ahmed was responsible, either individually or in concert, for altering her medical records, and has thus failed to make the requisite showing for either claim.

To state a claim for conspiracy, "a plaintiff must plead (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Chisolm-Mitchell*, 2020 WL 6799640, at *5 (internal quotation marks and citations omitted). "A plaintiff is not required to list the place and date of defendants' meetings and the summary of their conversations when [s]he pleads conspiracy, but the pleadings must present facts tending to show agreement and concerted action." *Cooper v. City of New York*, No. 17-CV-1517 (NGG) (RLM), 2019 WL 3642996, at *11 (E.D.N.Y. Aug. 5, 2019) (alteration and citation omitted). While the Court recognizes that "conspiracies are by their very nature secretive operations, and may have to be proven by circumstantial, rather than direct, evidence," *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (internal quotation marks and citations omitted), Plaintiff has not alleged any circumstances suggesting that Defendants Abear and/or Ahmed played a role in altering her records. Instead, she claims only that she "was told by many of [her] doctor friends that the police department may have paid the doctor to alter [her] records" and that it is "common" for the NYPD to do so. (SAC, Dkt. 8, at ECF 9.) Unsupported speculation from Plaintiff's friends does not constitute an "overt act" taken by either Defendant Abear or Ahmed. *See Brooks v. County of Nassau*, 54 F. Supp. 3d 254, 258–59 (E.D.N.Y. 2014). Nor has Plaintiff alleged the existence of the requisite agreement between Defendants Abear and Ahmed (or between Defendant Ahmed and

the NYPD). *See id.* Accordingly, Plaintiff has failed to state a claim for conspiracy, and all claims against Defendant Ahmed are dismissed.

Similarly, because Plaintiff has failed to plead that Defendant Abear engineered the change to Plaintiff's medical records, she has failed to allege the required "causal connection" between Defendant Abear's "retaliatory animus" and her "subsequent injury." *See Chisolm-Mitchell*, 2020 WL 6799640, at *5 (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019)). As such, her claim for First Amendment retaliation also fails.

## II.     Plaintiff's Malicious Prosecution Claim

While the SAC does not state a claim for First Amendment retaliation or conspiracy, it does appear, when construed liberally, to allege a claim for malicious prosecution against Defendant Abear.[5] "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 5 (2d Cir. 2013) (summary order) (quoting *Fulton v. Robinson,* 289 F.3d 188, 195 (2d Cir. 2002)); *see also Washington v. County of Rockland,* 373 F.3d 310, 316 (2d Cir. 2004) (noting that a § 1983 malicious prosecution claim based on a civil proceeding requires "a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment" (internal quotation marks and citation omitted)).

---

[5] This claim was not discussed in the Court's November 19, 2020 Memorandum and Order because, while Plaintiff's Amended Complaint included allegations that Defendant Abear threatened to call ACS and that the Board of Education required Plaintiff to explain a call to ACS about her, *see Chisolm-Mitchell*, 2020 WL 6799640, at *2 n.7, it was not clear from the Amended Complaint whether a report to ACS had in fact been made, nor what the result was of such report.

Under New York law, a plaintiff who brings a claim "for malicious prosecution must establish: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause by the officer for commencing the proceeding; and (4) actual malice as a motivation for defendants' actions." *McCaul v. Ardsley Union Free Sch. Dist.*, No. 11-CV-5586 VB, 2012 WL 1898897, at *3–4 (S.D.N.Y. May 3, 2012) (quoting *Russell v. Smith,* 68 F.3d 33, 36 (2d Cir. 1995)), *aff'd*, 514 F. App'x 1 (2d Cir. 2013). "Although generally premised on a criminal action, a cause of action for malicious prosecution may be based upon a civil action instituted against plaintiff provided there is a showing of some interference with plaintiff's person or property." *Id.* (internal quotation marks and citation omitted); *see also Engel v.. C.B.S., Inc.,* 145 F.3d 499, 502 (2d Cir. 1998) ("[I]f the proceeding of which plaintiff complains was a civil action, the plaintiff must prove special injury-some interference with the plaintiff's person or property beyond the ordinary burden of defending a lawsuit." (internal quotatiosn, alterations, ellipsis, and citations omitted)). For example, "the groundless initiation of a case in Family Court may give rise to a claim for malicious prosecution." *Yuan v. Rivera,* 48 F. Supp. 2d 335, 349 (S.D.N.Y. 1999).

Here, Plaintiff has alleged that Defendant Abear baselessly threatened to call ACS because of racial animus against her. (SAC, Dkt. 8, at ECF 8.) She has provided documentation that such a call was made on the same day she interacted with Defendant Abear and has further shown that the call was subsequently determined to be unfounded. (*Id.* at ECF 8–9; *see id.* at ECF 25–26, 38.) As such, she appears to meet most of the elements of a malicious prosecution claim under New York law.

However, a groundless initiation of a civil proceeding will give rise to a claim for malicious prosecution only if the plaintiff has alleged a special injury. *Engel,* 145 F.3d at 502. "To plead

7

special injury, the plaintiff must assert a highly substantial and identifiable interference with [their] person, property or business that entails some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit.'" *Sparrow Fund Mgmt., LP v. Mimedx Grp., Inc.*, No. 18-CV-4921 (PGG) (KHP), 2019 WL 8955307, at *6 (S.D.N.Y. Nov. 7, 2019) (alterations, internal quotation marks and citations omitted), *report and recommendation adopted*, 2020 WL 1330283 (S.D.N.Y. Mar. 22, 2020). Here, Plaintiff has alleged that she has been forced to pull her job application to the Board of Education and that she has suffered a number of harms, including damage to her ability to feed her children, to her "reputation, insurance financial tier and career," although it is not clear which of these harms she attributes to the call to ACS as opposed to the alteration of her medical records. (SAC, Dkt. 8, at ECF 11–12.) Nonetheless, because Plaintiff has alleged concrete harms from the ACS proceeding beyond the mere costs of defending against the proceeding[6] and because a malicious prosecution claim is not likely to alter or expand the scope of discovery in this case, the Court allows Plaintiff to proceed on a malicious prosecution claim. *See Bacchus v. N.Y.C. Dept. of Educ.*, 137 F. Supp. 3d 214, 241–42 (E.D.N.Y. 2015) (deciding that "better course" was not to dismiss challenged claims where other claims were "going forward based on the same evidence" (citing *Thibodeaux v. Travco Ins. Co.*, 13–CV–5599, 2014 WL 354656, at *2 (E.D.N.Y. Jan. 31, 2014)); *see also Thibodeaux*, 2014 WL 354656, at *2 ("If one of a number of integrally related

---

[6] While some of the injuries Plaintiff alleges likely meet the bar for a special injury under New York law, it is less clear that Plaintiff has alleged "a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment," *Washington,* 373 F.3d at 316 (internal quotation marks and citation omitted), of the kind needed to state a claim for malicious prosecution under Section 1983, *cf. Yuan*, 48 F. Supp. 2d at 349 (finding that plaintiff had stated a Section 1983 malicious prosecution claim where she alleged that baseless child protective services proceedings had deprived her of the custody of her children for several months).

causes of action have to be tried, it makes little sense to grant a motion to dismiss as to one or more of them, as it may prove necessary to hold yet another trial in the event that it is determined on appeal that the motion to dismiss was improperly granted.").

## CONCLUSION

For the reasons set forth above, Plaintiff's conspiracy and First Amendment retaliation claims are dismissed for failure to state a claim, and Defendant Ahmed is dismissed from this action. Plaintiff may proceed with her Section 1983 equal protection and false arrest claims against Defendant Abear, as well as with a claim against him for malicious prosecution. The United States Marshals Service is respectfully directed to serve the Summons and Complaint on Defendant Abear. The Clerk of Court is also respectfully directed to send a copy of this Order to the Special Federal Litigation Division of the Corporation Counsel for the City of New York and to amend the caption in this case to remove David Chisholm-Mitchell as a plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 11, 2021
       Brooklyn, New York