UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DONNA M. CHISOLM-MITCHELL,

                Plaintiff,                        **REPORT AND RECOMMENDATION**
                                                                                 20 CV 3434 (PKC)(LB)

    -against-

DET. RAYMOND ABEAR,

                Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Donna M. Chisolm-Mitchell brings this *pro se* case under 42 U.S.C. § 1983 against Detective Raymond Abear alleging malicious prosecution, Equal Protection, and false arrest claims. Second Am. Compl. ("SAC"), ECF No. 8. For the reasons set forth below, I respectfully recommend that this case should be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

## PROCEDURAL HISTORY[1]

      Plaintiff filed this matter in the Southern District of New York on July 14, 2020 against defendants Advantage Care Physician, the New York City Police Department, and Detective Raymond Abear. Compl., ECF No. 1. The case was transferred to this District on July 22, 2020. ECF No. 3. On August 25, 2020, plaintiff filed an amended complaint against defendants Dr. Najma Ahmed, Advantage Care Physician, Detective Raymond Abear, and the New York City Police Department's 112th Precinct. ECF No. 6. The Court dismissed plaintiff's amended complaint against defendants Dr. Najma Ahmed, Advantage Care Physician, and the New York

---

[1] The Court assumes the parties' familiarity with the underlying facts of this matter for the purposes of this Report and Recommendation.

City Police Department's 112th Precinct, permitting her Section 1983 claims to proceed solely against Detective Abear.² ECF No. 7. The Court gave plaintiff sixty days to file a second amended complaint. Id. Plaintiff filed a second amended complaint ("SAC") against Detective Abear and Dr. Najma Ahmed. SAC, ECF No. 8. The SAC was dismissed against Dr. Ahmed, but the Court permitted plaintiff's Section 1983 Equal Protection, false arrest, and malicious prosecution claims to proceed against Detective Abear. ECF No. 9. Plaintiff moved to file a third amended complaint, but the request was denied. See Electronic Order dated April 12, 2021.

On April 20, 2021, the Office of the Corporation Counsel filed a suggestion of death upon the record stating that Detective Abear passed away in April 2020. ECF No. 13. I stayed any pending deadlines in this matter and ordered plaintiff to make any motion for substitution under Federal Rule of Civil Procedure 25(a)(1) by July 19, 2021. ECF No. 14. Furthermore, I stated that if no motion for substitution was made by July 19, 2021, I would recommend that this action should be dismissed. Id. As no motion for substitution has been made, the Office of the Corporation Counsel now requests dismissal of this action. ECF No. 18.

**DISCUSSION**

Under Federal Rule of Civil Procedure 25(a)(1), when a party dies "the Court may order substitution of the proper party." If a "motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1). The statement noting death is intended to provide notice of a party's death to the remaining parties and need not be filed by a party or the decedent's representative. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469-70 (2d Cir. 1998). Once this notice is

---

² Plaintiff's son David Chisolm-Mitchell was also named as a plaintiff, but he was dismissed from the case. ECF No. 7.

provided, remaining parties are given 90 days to "take appropriate action." Id. at 470. Upon a showing of good cause, the Court may grant a request for an extension of time to move for substitution. Louis v. Wright, 333 F.R.D. 19, 22 (E.D.N.Y. 2017). However, if a motion for substitution is not "timely filed, dismissal is mandatory." See id. (citing Bussey v. City of New York, No. 15-CV-3790(ARR)(JO), 2016 WL 3277363, at *1 (E.D.N.Y. May 23, 2016) Report and Recommendation adopted by 2016 WL 3469843 (E.D.N.Y. June 14, 2016).

In the instant matter, dismissal is mandatory. The Office filed a suggestion of death upon the record on April 20, 2021, ECF No. 13, and I ordered that a motion for substitution be made within 90 days, by July 19, 2021, ECF No. 14. As no motion for substitution has been made, this case should be dismissed.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any

further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 26, 2021
      Brooklyn, New York