UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DONNA M. CHISOLM-MITCHELL,

                Plaintiff,

    - against -

DET. RAYMOND ABEAR,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-3434 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Before the Court are the objections of Plaintiff Donna M. Chisolm-Mitchell to the Report & Recommendation ("R&R") of the Honorable Lois Bloom, recommending that the Court dismiss the case for failure to timely file a motion for substitution pursuant to Federal Rule of Civil Procedure 25. The Court denies Plaintiff's objections and adopts the factual and legal conclusions in the R&R. Given the circumstances of the case and Plaintiff's *pro se* status at the time of the R&R, however, the Court will allow Plaintiff to move for substitution within 30 days of this Memorandum & Order.

## BACKGROUND

      Plaintiff brought this action in the Southern District of New York on July 13, 2020, proceeding *pro se*. (*See generally* Complaint, Dkt. 2.) The case was transferred to this district, where Plaintiff filed a First Amended Complaint (*see* Dkt. 6), and then a Second Amended Complaint (*see* Dkt. 8). On February 11, 2021, the Court dismissed the Second Amended Complaint except as to Plaintiff's claims against Defendant Raymond Abear.

      On April 20, 2021, Corporation Counsel of the City of New York filed a suggestion of death as to Defendant Abear. (*See* Dkt. 13.) Corporation Counsel served the suggestion of death on Plaintiff at the address listed on the docket. (*Id.* at 2.) On April 21, 2021, Magistrate Judge

1

Lois Bloom ordered that, "[u]nder [Federal] Rule [of Civil Procedure] 25(a)(1), any motion to substitute defendant's successor or representative shall be made within 90 days," and that "[i]f no motion for substitution is made by July 19, 2021, I shall recommend that this action should be dismissed." (Dkt. 14.) On July 23, 2021, Corporation Counsel filed a letter noting that "Plaintiff ha[d] not filed a motion for substitution," and asking Judge Bloom to recommend that the case be dismissed. (*See* Dkt. 18, at 1.) On July 26, 2021, Judge Bloom issued the R&R, recommending that the Court dismiss the case. (*See* R&R, Dkt. 20, at 1.) Plaintiff retained counsel (*see* Dkt. 25) and filed objections to the R&R (*see* Plaintiff's Objection, Dkt. 26).[1]

## STANDARD OF REVIEW

"[W]ith the exception of certain motions listed in [28 U.S.C. § 636(b)(1)(A)], 'a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court.'" *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (quoting 28 U.S.C. § 636(b)(1)(A)). With respect to dispositive motions, a district "judge may [] designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for [] disposition[] by [the district] judge." 28 U.S.C. § 636(b)(1)(B).

"Within fourteen days after being served with a copy" of a magistrate judge's report and recommendations under Section 636(b)(1)(A), "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.* § 636(b)(1). The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district judge "may

---

[1] Although Plaintiff missed the deadline to file her objections by one day, the Court granted Plaintiff a one-day extension. (*See* 9/27/2021 Docket Entry.)

2

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## DISCUSSION

### I. Legal Standard – Substitution

Federal Rule of Civil Procedure 25 "tells courts what to do when a party to a lawsuit dies." *Kotler v. Jubert*, 986 F.3d 147, 153 (2d Cir. 2021). "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). "A motion for substitution may be made by any party or by the decedent's successor or representative." *Id.* "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

A "party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to move for substitution, and that [] clock starts running for the served party regardless of whether the notice identifies the decedent's legal representative or successor." *Kotler*, 986 F.3d at 153 (citation and quotations omitted). Because "a statement of death need not even *identify* the representative—and indeed, that [] representative need not even *exist* at the time of service—for the 90-day clock to start running for the served party, then it certainly is not required that the statement be *served* on that representative." *Id.*

### II. Plaintiff Failed to Timely File a Motion for Substitution

Corporation Counsel of the City of New York filed the suggestion of death as to Defendant Abear, and served it on Plaintiff, on April 20, 2021. (*See* Dkt. 13.) Plaintiff failed to file a motion for substitution within 90 days, despite Judge Bloom's order that, "[u]nder Rule 25(a)(1), any motion to substitute defendant's successor or representative shall be made within 90 days," and that "[i]f no motion for substitution is made by July 19, 2021, I shall recommend that this action should be dismissed." (Dkt. 14.)

In her objections to the R&R, Plaintiff first argues that she "had no reason to believe that the onus was upon her to make the motion" to substitute, because Judge Bloom's April 21, 2021 order did not say *Plaintiff* must move for substitution (*see id.*), and Rule 25 says that "[a] motion for substitution may be made by *any party*," Fed. R. Civ. P. 25(a)(1) (emphasis added). (*See* Pl. Obj., Dkt. 26, at ECF[2] 2.) But Rule 25 also provides that "[i]f the motion [for substitution] *is not made* within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added). And Judge Bloom's order specified that "[i]f no motion for substitution *is made* by July 19, 2021, I shall recommend that this action should be dismissed." (Dkt. 14 (emphasis added).) Although Plaintiff was not the only party entitled to move for substitution, Rule 25 and Judge Bloom's order placed the onus on anyone who wished to avoid dismissal of Plaintiff's lawsuit. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)). Plaintiff fails to explain why she assumed *defense* counsel would seek to preserve *her* lawsuit. In any event, she did not seek clarification in the 90 days after Judge Bloom issued the April 21, 2021 order, nor after the 90-day deadline passed without anyone moving for substitution.

Plaintiff next argues that dismissal is not warranted because "the Suggestion of Death was not served upon Defendant's personal representative," but, rather, "only upon . . . Plaintiff." (Pl. Obj., Dkt. 26, at ECF 3.) She contends that, "[w]hen immediate family members of a deceased litigant are not personally served with copies of a Suggestion of Death pursuant to Rule 4, Courts

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

have found that the 90-day deadline set out in Rule 25 does not commence." (*Id.* (citing *Ransom v. Brennan*, 437 F.2d 513, 516–19 (5th Cir. 1971).)

But a "party is given 90 days from the time when it learns . . . of the death of an opposing party to move for substitution, and that [] clock starts running for the served party regardless of whether the notice identifies the decedent's legal representative or successor." *Kotler*, 986 F.3d at 153 (citation and quotations omitted). Because "a statement of death need not even *identify* the representative—and indeed, that [] representative need not even *exist* at the time of service—for the 90-day clock to start running for the served party, then it certainly is not required that the statement be *served* on that representative." *Id.* That "the Suggestion of Death was not served upon Defendant's personal representative" (Pl. Obj., Dkt. 26, at ECF 3) thus does not excuse Plaintiff's failure to move for substitution within 90 days.

Plaintiff's reliance on *Ransom* is misplaced. There, unlike here, the plaintiff moved to substitute the deceased defendant's representative within 90 days of the suggestion of death. 437 F.2d at 515. The case concerned only whether the court could exercise jurisdiction over the defendant's representative despite the plaintiff's failure to timely serve the motion for substitution on the representative. More relevant here is the Second Circuit's observation in *Kotler* that "the purpose of Rule 25 is to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party." 986 F.3d at 155 (citation and quotation omitted). Here, Plaintiff learned of Defendant Abear's death when the suggestion of death was filed and served.

Finally, Plaintiff objects to the R&R on the ground that her failure to move for substitution within 90 days was due to "excusable neglect." (Pl. Obj., Dkt. 26, at ECF 3.) Federal Rule of Civil Procedure 6(b)(1) allows a court to extend a deadline "for good cause . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P.

5

6(b)(1). "Despite the use of 'must' in Rule 25(a)(1), courts have discretion to extend th[e] 90-day period for good cause pursuant to Fed. R. Civ. P. 6(b)." *Grapsas v. N. Shore Farms Two, Ltd.*, No. 16-CV-775 (DRH) (ARL), 2018 WL 1136088, at *2 (E.D.N.Y. Feb. 28, 2018).

Courts consider four factors in determining excusable neglect: (1) "the danger of prejudice to the non-movant," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Alexander v. Saul*, 5 F.4th 139, 148 (2d Cir. 2021) (brackets omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The burden of proving excusable neglect lies with the []claimant." *Id.*

Plaintiff did not move under Federal Rule of Civil Procedure 6(b)(1) for an extension of the 90-day deadline on excusable neglect grounds. Rather, Plaintiff waited to raise excusable neglect until the 90 days had expired and until after Judge Bloom had issued the R&R. Now, Plaintiff objects to Judge Bloom's conclusion that, "[i]n the instant matter, dismissal is mandatory" (R&R, Dkt. 20, at 3). (*See* Pl. Obj., Dkt. 26, at ECF 3.) But because Plaintiff did not move for an extension based on excusable neglect before Judge Bloom issued the R&R, Judge Bloom had no basis to conclude that Plaintiff's failure to meet the 90-day deadline was the result of excusable neglect. *Cf. Kotler*, 986 F.3d at 156 ("Only after the 90-day window expired and the magistrate judge recommended . . . dismissal did [the plaintiff] raise any objections to the statement or ask for help identifying the estate's executor. He missed the deadline; it is too late to ask for an extension now.").

Still, the Court recognizes that Plaintiff was proceeding *pro se* before she filed her objections and believed, albeit mistakenly, that defense counsel was supposed to move for substitution under Rule 25. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.

2001) ("[P]*ro se* plaintiffs should be granted special leniency regarding procedural matters."). The Court therefore treats Plaintiff's objections to the R&R as including a request for an extension, and the Court exercises its "discretion to extend th[e] 90-day period." *See Grapsas*, 2018 WL 1136088, at *2. The Court will allow Plaintiff a final opportunity to move for substitution within 30 days of this Memorandum & Order. *See* 28 U.S.C. § 636(b)(1) (The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

## CONCLUSION

The Court adopts the factual and legal conclusions in the Report & Recommendation of the Honorable Lois Bloom. Plaintiff shall move for substitution within 30 days of this Memorandum & Order. No further extension shall be granted.

    SO ORDERED.

    */s/ Pamela K. Chen*
    Pamela K. Chen
    United States District Judge

Dated: January 4, 2022
       Brooklyn, New York